## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

**IN RE: PROTON-PUMP INHIBITOR**
**PRODUCTS LIABILITY LITIGATION (NO. II)**          **MDL No. 2789 (CCC) (MF)**

**This document relates to:**

Joshua Smith as PR of the Estate of Gwendolyn Smith v. Abbott Laboratories et al

Civil Action No. 2:19-cv-16013

### SECOND AMENDED SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) n a m e d  b e l o w  file(s) this *Second Amended Short Form Complaint and J u r y Demand* against Defendants named below by and through their undersigned counsel and as permitted by Case Management Order No. 7. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint and Jury Demand* in *In re: Proton-Pump Inhibitor Products Liability Litigation*, MDL 2789, in the United States District Court for the District of New Jersey pursuant to Case Management Order No. 7.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint and Jury Demand*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

### IDENTIFICATION OF PARTIES

#### Identification of Plaintiff(s)

1.      Name of individual injured/deceased due to the use of PPI Product(s): _____

Gwendolyn Smith                                                                                     .

2.      Consortium Claim(s): The following individual(s) allege damages for loss of consortium: _____ .

3.     Survival and/or Wrongful Death Claims:

   a.  Plaintiff, __Joshua Smith__, is filing this case in a representative capacity

   as the __Personal Representative__ of the Estate of __Gwendolyn Smith__ ,

   deceased.

   b.  Survival Claim(s):  The following individual(s) allege damages for survival

   claims, as permitted under applicable state laws: __Beneficiaries of__
   __the Estate of Gwendolyn Smith__ .

4.     As a result of using PPI Products, Plaintiff/Decedent suffered pain and suffering,

emotional distress, mental anguish, and personal and economic injur(ies) that are alleged to

have been caused by the use of the PPI Products identified in Paragraph 10, below, but not

limited to the following:

- ☑ injury to himself/herself
- ☑ injury to the person represented
- ☑ wrongful death
- ☑ survivorship action
- ☑ economic loss
- ☑ loss of services
- ☐ loss of consortium
- ☐ other: _____
  _____

**Identification of Defendants**

5.     Plaintiff(s)/Decedent is/are suing the following Defendant(s) (please check all that

apply):

2

☑ Abbott Laboratories

☑ AstraZeneca Pharmaceuticals LP

☑ AstraZeneca LP

☐ GlaxoSmithKline Consumer Healthcare Holdings (US) LLC

☑ Merck & Co. Inc. d/b/a Merck, Sharp & Dohme Corporation

☐ Novartis Corporation

☐ Novartis Pharmaceutical Corporation

☐ Novartis Vaccines and Diagnostics, Inc.

☐ Novartis Institutes for Biomedical Research, Inc.

☐ Novartis Consumer Health, Inc.

☑ Pfizer, Inc.

☐ The Procter & Gamble Company

☐ The Procter & Gamble Manufacturing Company

☑ Takeda Pharmaceuticals U.S.A., Inc.

☑ Takeda Pharmaceuticals America, Inc.

☑ Takeda Development Center Americas, Inc. f/k/a Takeda Global  Research & Development Center, Inc.

☑ Takeda Pharmaceutical Company Limited

☐ Other(s) Defendant(s) (please identify):

_____

_____

_____

_____

3

## JURISDICTION & VENUE

**Jurisdiction:**

6.      Jurisdiction in this Short Form Complaint is based on:

☑  Diversity of Citizenship

☐  Other (The basis of any additional ground for jurisdiction must be pled in

sufficient detail as required by the applicable Federal Rules of Civil Procedure)._____

_____

**Venue:**

7.      District Court(s) in which venue was proper where you might have otherwise filed

this *Short Form Complaint* absent Case Management Order No. 7 entered by this Court

and/or to where remand could be ordered: Western District of Arkansas,
Fayetteville Division

## CASE SPECIFIC FACTS

8.      Plaintiff(s) currently reside(s) in (City, State): Huntsville, AR .

9.      To the best of Plaintiff's knowledge, Plaintiff/Decedent used PPI Product(s) during

the following time period: approx. 2002-2017 .

10.      Plaintiff/Decedent used the following PPI Products, for which claims are being

asserted:

☐  Dexilant

☑  Nexium

☐  Nexium 24HR

☑  Prevacid

☐  Prevacid 24HR

4

☐ Prilosec

☐ Prilosec OTC

☑ Protonix

☐ Other (List All):

11.     The injuries suffered by Plaintiff/Decedent as a result of the use of PPI Products

include, among others that will be set forth in Plaintiff's discovery responses and medical

records:

☐ Acute Interstitial Nephritis (AIN)

☑ Acute Kidney Injury (AKI)

☑ Chronic Kidney Disease (CKD)

☑ End Stage Renal Disease (ESRD)

☑ Dialysis

☑ Death

☑ Other(s) (please specify):

Renal Failure

_____

_____

_____

_____

12.     At the time of the Plaintiff's/Decedent's diagnosis of injury, Plaintiff/Decedent

resided in (City, State):  Huntsville, AR                                        .

### CAUSES OF ACTION

13.     Plaintiff(s), again, hereby adopt(s) and incorporate(s) by reference the *Master

Long Form Complaint and Jury Demand* as if fully set forth herein.

14.     The following claims and allegations asserted in the *Master Long Form*

*Complaint and Jury Demand* are herein more specifically adopted and incorporated by reference by Plaintiff(s) please check all that apply):

- ☑ Count I: Strict Product Liability
- ☑ Count II: Strict Product Liability – Design Defect
- ☑ Count III: Strict Product Liability – Failure to Warn
- ☑ Count IV: Negligence
- ☑ Count V: Negligenc *Per Se*
- ☑ Count VI: Breach of Express Warranty
- ☑ Count VII: Breach of Implied Warranty
- ☑ Count VIII: Negligent Misrepresentation
- ☑ Count IX: Fraud and Fraudulent Misrepresentation
- ☑ Count X: Fraudulent Concealment
- ☑ Count XI: Violation of State Consumer Protection Laws of the State(s) of: Arkansas
- ☐ Count XII: Loss of Consortium
- ☑ Count XIII: Wrongful Death
- ☑ Count XIV: Survival Action
- ☐ Furthermore, Plaintiff(s) assert(s) the following additional theories and/or

Causes of Action against Defendant(s) identified in Paragraph five (5) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure:

_____

_____

6

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit and such further relief as the Court deems equitable and just, and as set forth in the *Master Long Form Complaint and Jury Demand*, as appropriate.

<u>**JURY DEMAND**</u>

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated: ___07/29/2019___

Respectfully Submitted,

/s/ James J. Rosemergy

Jeffrey J. Lowe
James J. Rosemergy
Sarah Shoemake Doles
Alyson M. Petrick
**CAREY DANIS & LOWE**
8235 Forsyth Blvd., Ste. 1100
St. Louis, MO 63105
Telephone: (314) 725-7700
Facsimile: (314) 721-0905
jlowe@careydanis.com
jrosemergy@careydanis.com
sdoles@careydanis.com
apetrick@careydanis.com